MARK J. JACOBS, SBN 208945
Email: mjacobs@fisherphillips.com
FISHER & PHILLIPS LLP
2050 Main St Ste 1000
Irvine, CA 92614
Telephone: (949) 851-2424
Facsimile: (949) 851-0152

CHRISTOPHER S. ALVAREZ, SBN 294795
Email: calvarez@fisherphillips.com
FISHER & PHILLIPS LLP
621 Capitol Mall, Suite 1400
Sacramento, California 95814
Telephone: (916) 210-0400
Facsimile: (916) 210-0401

Attorneys for Defendant
PIERCEY NORTH, INC. dba PIERCEY TOYOTA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REZA KHAN,<br><br>        Plaintiff,<br><br>    v.<br><br>PIERCEY NORTH, INC. dba PIERCEY TOYOTA; and DOES 1 through 10, inclusive,<br><br>        Defendants. | CASE NO.:<br><br>**DEFENDANT PIERCEY NORTH, INC. DBA PIERCEY TOYOTA'S NOTICE OF REMOVAL OF ACTION**<br><br>Complaint Filed: September 10, 2020 |

**TO PLAINTIFF, HIS COUNSEL OF RECORD AND TO THE CLERK OF THE COURT FOR THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant Piercey North, Inc. dba Piercey Toyota, ("Defendant" or "Piercey") through its counsel of record, submits this petition for removal of this case from the Superior Court of the State of California, County of Santa Clara, to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446. The grounds for removal are as follows:

**I.      JURISDICTION**

1.      This matter is a civil action over which this District Court has original jurisdiction based on federal question pursuant to 28 U.S.C. § 1331 because it is a civil action arising under the laws of the United States.  Specifically, Plaintiff's First and Second Causes of Action allege wage-and-hour claims for alleged violations of the Fair Labor Standards Act ("FLSA"). *See* Complaint, ¶¶ 31-48, ("Complaint"), a true and correct copy of which is attached as **Exhibit A** to the Declaration of Christopher Alvarez ("Decl. Alvarez"). Accordingly, from the face of the Complaint, it is evident that Plaintiff is asserting that Defendant violated a federal law—the FLSA.

**II.     VENUE**

2.      This action was filed in the California Superior Court for the County of Santa Clara. Thus, venue properly lies in the United States District Court for the Northern District of California. *See* 28 U.S.C. §§ 84(a), 1391, and 1441; *see also Polizzi v. Cowles Magazines*, *Inc.*, 345 U.S. 663, 666 (1953) (holding the venue of a removed action is governed by 28 U.S.C. section 1441(a) and is properly laid in the district embracing the place where the action is pending).

**III.    INTRADISTRICT ASSIGNMENT**

3.      In accordance with Civil Local Rules 3-5(b) and 3-2(c), assignment to the San Jose Division is proper as Plaintiff has filed the State Court Action in the County of Santa Clara.  Plaintiff also alleges that "the events and transactions giving rise to this action took place in the County of Santa Clara" and "the incidents giving rise to the claims in this action occurred in the County of Santa Clara." Alvarez Decl., Ex. A (Complaint, ¶ 5).

**IV.    PROCEDURAL HISTORY**

4.      On or about September 10, 2020, Plaintiff filed an unverified Complaint ("Complaint") in the Superior Court of the State of California, in and for the County of Santa Clara, thereby initiating the civil action entitled *REZA KHAN, Plaintiff, vs. PIERCEY NORTH, INC. dba PIERCEY TOYOTA; and DOES 1 through 10, inclusive, Defendants*, Case No. 20CV370519 (the "State Court Action").  *See* Alvarez Decl., Ex. A (Complaint). The Complaint alleges thirteen causes of action for: (1) Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards act (29 U.S.C. §§ 201, et seq.); (2) Failure to Pay Minimum Wage in Violation of the Fair Labor Standards Act (29 U.S.C. §§ 201, et seq.);

(3) Failure to Pay Overtime Wages (California Labor Code §§ 510, 1194, 1198, 1199); (4) Failure to Pay All Hours Worked (California Labor Code §§ 200, 201, 202, and 204); (5) Failure to Pay Minimum Wage (California Labor Code §§ 1182.12, 1194, 1197, 1197.1); (6) Failure to Furnish Accurate Wage Statements (California Labor Code §§ 226, 1174); (7) Waiting time Penalties - Failure to Pay Full Wage of Terminated Employee (California Labor code§§ 201-203); (8) Unlawful Failure to Provide Meal Periods (California Labor Code §§ 226.7, 512); (9) Unlawful Failure to Provide Rest Periods (California Labor Code § 226.7); (10) OSHA Whistleblower Retaliation (California Labor Code § 6310); (11) Whistleblower Retaliation (California Labor Code §1102.5); (12) Wrongful Termination in Violation of Public Policy; and (13) Unlawful Business Practices (Bus. & Prof. Code §§17200, et seq.). *See id.*

5.   Defendant filed an Answer to the Complaint on November 2, 2020. *See* Answer, a true and correct copy of which is attached as **Exhibit F** to the Decl. Alvarez.

6.   Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all other process, pleadings, and orders served on Defendant are attached as **Exhibit A** (Complaint), **Exhibit B** (Summons), **Exhibit C** (Civil Case Cover Sheet), **Exhibit D** (Civil Lawsuit Notice); **Exhibit E** (Proof of Service of Summons); and **Exhibit F** (Answer) to the Decl. Alvarez.

7.   No further pleadings have been filed, and no further proceedings related thereto have been heard in Superior Court. (Decl. Alvarez ¶ 6.)

8.   The Complaint was sub-served on Piercey on or about September 24, 2020. (Decl. Alvarez ¶ 3.)

**V.   TIMELINESS OF REMOVAL**

9.   The Summons and Complaint were sub-served on Piercey on or about September 24, 2020. (Decl. Alvarez ¶ 3.) This Notice of Removal has been filed within thirty (30) days of service of Defendant, and therefore, the requirement of 28 U.S.C. § 1446(b) requiring removal within 30 days of service of the Defendant has been satisfied.

**VI.   BASIS FOR REMOVAL JURISDICTION**

10.   Plaintiff's Complaint is removable based on federal question jurisdiction under 28 U.S.C. § 1331. Federal question jurisdiction exists, and this Court has original jurisdiction over Plaintiff's Complaint because claims alleged arise under federal law. *See Mims v. Arrow Fin'l Services, LLC*, 565

U.S. 368, 376–77 (2012) (providing "a federally created claim for relief is generally a 'sufficient condition for federal-question jurisdiction'"). Specifically, Plaintiff's First and Second Causes of Action allege wage-and-hour claims for alleged violations of the FLSA. *See* Alvarez Decl., Ex. A (Complaint, ¶¶ 31-48). Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." This Court therefore has original jurisdiction of the above-entitled action pursuant to 28 U.S.C. § 1331, and removal of the action to this Court is proper pursuant to 28 U.S.C. § 1441.

## VII. ALL SERVED DEFENDANTS CONSENT TO REMOVAL

11.     Plaintiff has served the Complaint on Defendant, which is the only named defendant in the Complaint.

12.     Defendants DOES 1 through 10 ("Doe Defendants") are fictitious. Plaintiff's Complaint does not set forth the identity or status of any of the Doe Defendants, nor does it set forth any charging allegation against any of the Doe Defendants. Accordingly, consent for removal from the Doe Defendants is not required. *Fristos v. Reynolds Metals, Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).

13.     Based on the foregoing, the "rule of unanimity," announced by the Supreme Court in *Chicago, Rock Island, & Pacific Railway Co. v. Martin*, 178 U.S. 245 (1900), is satisfied. *Proctor v. Vishay Intertechnology, Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009) ("One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient.").

## VIII. NOTICE, SERVICE, AND OTHER REQUIREMENTS ARE MET

14.     In accordance with 28 U.S.C. §1446(d), Defendant will promptly provide notice of this removal to Plaintiff through his attorneys of record, and Defendant will promptly file a copy of this Notice of Removal with the Superior Court of the State of California, in and for the County of Santa Clara. In the event this Court has a question regarding the proprietary of this Notice of Removal, Defendant requests that it issue an Order to Show Cause so that it may have an opportunity to more fully brief the basis for this removal, and to produce supporting evidence.

WHEREFORE, having provided notice as required by law, the above-entitled action pending in Superior Court for the State of California, County of Santa Clara, should be removed to the United States District Court for the Northern District of California.

DATE:  November 3, 2020                FISHER & PHILLIPS LLP

                                       */s/ Christopher S. Alvarez*
                               By: _____
                                       ALDEN J. PARKER
                                       CHRISTOPHER S. ALVAREZ

                                       Attorneys for Defendant
                                       PIERCEY NORTH, INC. dba PIERCEY TOYOTA